# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-00037-RJC

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **ERIK M. DUNLAP,** ) | |
| ) | |
| Debtor. ) | |
| _____ ) | **ORDER** |
| ) | |
| **ERIK M. DUNLAP,** ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| **EDUCATIONAL CREDIT** ) | |
| **MANAGEMENT CORPORATION,** ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on appeal from the Bankruptcy Court regarding its granting of Educational Credit Management Corporation's ("Appellee") Motion to Dismiss Debtor Erik Dunlap's ("Appellant") Complaint to Discharge Student Loan Debt. (Doc. No. 1). Appellant filed his brief on May 10, 2016 and it was accepted as timely-filed, although submitted well after the Court-ordered deadline. (Doc. No. 6). Appellee timely filed its brief on June 20, 2016. (Doc. No. 11). Appellant did not submit a reply brief and the time for doing so has passed. Accordingly, the appeal is ripe for adjudication.

## I. BACKGROUND

Appellant filed a voluntary petition for Chapter 7 Bankruptcy in May 2015. (Doc. No. 1-1 at 2). On September 24, 2015, he sought an order partially discharging his student loan debt of approximately $174,600—debt which he incurred to obtain a Masters Degree from the

University of North Carolina at Chapel Hill and a Doctorate in Psychology from the University of Idaho. (Id.). Plaintiff asserts that the 7.375% interest rate on the two student loans is so high that it makes him unable to "fully repay his obligations" on his over $70,000 salary (Id. at 2–3). Defendant-Appellee filed a Motion to Dismiss in the Bankruptcy Court and that motion was granted. (Doc. No. 1-1).

On January 20, 2016, Appellant filed a Notice of Appeal from Bankruptcy Court, seeking appellate review by this Court of the Bankruptcy Court's decision granting Appellee's motion to dismiss Appellant's Complaint to Discharge Student Loan Debt in the underlying bankruptcy proceeding. (Doc. No. 1). Appellant missed the deadline to file his brief, which was due on April 28, 2016. Appellant eventually filed his brief on May 10, 2016 without a request for an extension of time or a showing of good cause for his failure to comply with the deadline. (Doc. No. 6). After a show cause order from the Court and response from Appellant, the Court decided to accept Appellant's brief as timely filed, but described Appellant's failure to request an extension of time prior to the deadline expiring as "irresponsible and negligent." (Doc. Nos. 7, 9, and 10).

Appellant has been inconsistent at best in his presentation of issues for appeal. In the Designation of Record on Appeal, Appellant designated three issues to be presented on appeal:

    1) Did the Court apply the appropriate standard in finding that the Plaintiff's Complaint did not plead the elements for a hardship discharge under 11 U.S.C. § 523(a)(8)?

    2) Did the Court err in not allowing the Plaintiff to amend the Complaint to fix any perceived pleading deficiencies?

    3) Did the Plaintiff plead sufficient facts to support the elements necessary for a hardship discharge under 11 U.S.C. § 523(a)(8)?

(Doc. No. 5). Yet, in his brief, Appellant presented the following questions in his Statement of Issues: 1) Did the Court err in dismissing Plaintiff's Complaint? 2) Did the Court err in declining to find that the interest rate and amount of interest paid constituted an undue hardship under the Brunner[1] test? (Doc. No. 6 at 5). Finally, in that same brief, Appellant only argues that an excessive interest rate on consolidated student loan debt can be used to satisfy the second prong of the Brunner test. (Id. at 8).

Appellee argues that Appellant did not properly present or preserve the interest rate argument made in Appellant's brief, and that Appellant waived its appeal on the three designated issues by not addressing them in his brief. (Doc. No. 11 at 7).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals of the decisions of bankruptcy courts. A "bankruptcy court's findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo." In re J.A. Jones, Inc., 492 F.3d 242, 249 (4th Cir. 2007). "Findings of fact are clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re Weiss, 111 F.3d 1159, 1166 (4th Cir. 1997) (internal quotation marks omitted). "Stated differently, a choice between two permissible views of the evidence cannot be clearly erroneous," 9-52 Moore's Federal Practice - Civil § 52.31 (2015), and "so long as the trial court's factual finding is plausible, the appellate court may not reverse it," Id. § 206.03; see also Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573–74 (1985).

---

[1] The Brunner test refers to the widely-used three-factor test that governs proof of undue hardship established in Brunner v. N.Y. Higher Educ. Servs. Corp., 831 F.2d 395 (2d Cir. 1987) and adopted by the Fourth Circuit in Educ. Credit Mgmt. Corp. v. Frushour, 433 F.3d 393,400 (4th Cir. 2005).

Appellant does not contest the factual findings of the Bankruptcy Judge; he only contests conclusions of law. (Doc. No. 6 at 5). Accordingly, the issues presented in this case must be reviewed de novo.

## III. DISCUSSION

Under the Federal Rules of Bankruptcy Procedure, an appellant must properly present issues for appeal pursuant to Rule 8009 (formerly Rule 8006). Specifically, an appellant must "file with the clerk and serve on the appellee a designation of items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). This requirement helps provide the appellee with the scope of the appeal so that the appellee can adequately address and argue the appeal. See Sundale, Ltd. v. Ocean Bank, 441 B.R. 384, 387 (S.D. Fla. 2010). Here, Appellant failed to meet the requirement of Rule 8009.

As discussed above, Appellant designated three issues for appeal, identified two different issues in its Statement of Issues contained in its brief, and only argued the singular issue of whether the Bankruptcy Court "erred in declining to find that the interest rate and amount of interest paid constituted an undue hardship under the Brunner Test." (Doc. No. 6 at 5). Failure to properly designate an issue for appeal in a Rule 8009 statement can operate as a waiver of that issue. See, e.g., In re GGM, P.C., 165 F.3d 1026, 1031–32 (5th Cir. 1999) (holding that appellant waived issue on appeal by failing to include it in his statement of issues to be presented on appeal); In re Freeman, 956 F.2d 252, 255 (11th Cir. 1992) (declining to consider issues on appeal that were not included in the Designation of the Record on Appeal and were not inferable from the issues properly raised); In re Startec Global Commc'ns Corp., et al., 300 B.R. 244, 249 (D. Md. 2003) ("When an appealing party fails to raise an issue in its statement, the issue may be deemed waived, at the district court's discretion and if not inferable from those issues properly

raised."); In re McCauley, 105 B.R. 315, 320 (E.D. Va. 1989) (concluding that three issues were waived on appeal because appellant only argued them in her brief were not mentioned in her Designation and Statement of the Issues). An issue is not properly designated when it is not specifically designated in the Rule 8009 statement or cannot be inferred from the issues that were designated. In re Startec, 300 B.R. at 249 ("When an appealing party fails to raise an issue in its statement, the issue may be deemed waived, at the district court's discretion and if not inferable from those issues properly raised."). Although the Fourth Circuit has not adopted a test for determining an issue is inferable, other courts utilize the following test: the issue is inferable if it 1) is raised in the bankruptcy court; 2) does not require the court to make independent factual findings; and 3) presents no surprise to the Appellee. Cumbo v. McDow, 2006 WL 3692665, *2 (E.D.V.A. Dec. 12, 2006) (citing In re Bracewell, 322 B.R. 698, 701 (M.D. Ga. 2005)).

Appellant's briefed issue—whether the interest rate and amount of interest paid constituted an undue hardship under the Brunner test—is not inferable from the designated issues. Indeed, the Court has a difficult time even determining from which issue in Appellant's designation that the current issue could be inferred. The only designated issue in Appellant's Rule 8009 statement remotely close to Appellant's briefed argument is his third designated issue: "Did the Plaintiff plead sufficient facts to support the elements necessary for a hardship discharge under 11 U.S.C. 523(a)(8)?" (Doc. No. 5 at 2). The Court finds the discussion in Sundale, Ltd. v. Ocean Bank instructive. 441 B.R. at 386–87. There, the district court held that a specific issue could not be inferred from a blanket statement—doing so would "thwart the purpose" of the Bankruptcy Rules. Id. at 387. Similarly, Appellant's broad statement about pleading sufficient facts is a far cry from the issue stated in Appellant's brief: "Did the Court err in declining to find that the interest rate and amount of interest paid constituted an undue

hardship under the Brunner Test?" (Doc. No. 6 at 5). Moreover, the issue cannot be inferred under the three factors discussed above. To some extent, Appellant argued that high interest rates caused an undue hardship during a hearing on the motion to dismiss before the Bankruptcy Court, (See, e.g., Bankr. Trans. at 10), but much of the argument focused on the fact that Appellant would potentially being repaying the loan into his retirement. (Id. 10–17). On the other hand, Appellant barely mentioned interest rate in his brief in opposition to the motion to dismiss, and did not address interest rate or amount at all in the context of the second Brunner factor. (Adversary Proceeding No. 15-03150 (Bankr. W.D.N.C.), Doc. No. 21). Second, additional factual findings would be needed to determine whether the interest rate at issue is excessive or exorbitant and would prevent Appellant from repaying his loan before retirement. (Doc. No. 11 at 9). Third, Appellant's new issue raised for the first time in his brief is a surprise to both Appellee and the Court. And as noted by Appellee, the shortcomings of Appellant's brief only add to that surprise. (Id.). Appellant's other argument included in his statement of issues on appeal in his brief was broadly "Did the Court err in Dismissing Plaintiff's Complaint?" Without any argument outside of the interest rate causing undue hardship, the Court views this issue as one in the same as the issue Appellant actually argued in his brief.

In short, the argument contained in Appellant's brief was not included in his Designation of Issues To Be Presented on Appeal and cannot be inferred from any of the three issues presented in the designation. Thus, the issue is waived due to a failure to comply with Bankruptcy Rule 8009.

Additionally, the issues for appeal Appellant raised in its designation are not addressed in Appellant's brief and therefore are waived. Federal Rule of Bankruptcy Procedure 8014 (formerly Rule 8010) is derived from Federal Rule of Appellate Procedure 28 and requires

among other things that an appellant's brief include a statement of the issues presented. Fed. R. Bankr. P. 8014, advisory committee notes. Under both rules, courts have discretion to disregard arguments and consider them waived if not properly presented in the appellant's brief. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) ("Failure to comply with the specific dictates of this rule with respect to a particular claim triggers abandonment of that claim on appeal."); In re Trans World Airlines, 145 F.3d 124, 132 (3d Cir. 1998) ("[A] district court may, in its discretion, deem an argument waived if it is not presented in accordance with Rule [8014]"); see, e.g., In re Vargas Realty Enterprises, Inc., 440 B.R. 224, 241–42 (S.D.N.Y. 2010) (holding that an argument stated in the "Statement of the Issues Presented," but only discussed in three sentences in Appellant's reply brief was waived due to inadequate briefing); In re Austin Truck Rental, Inc., 183 B.R. 398, 399 n.2 (E.D. Pa. 1995) (declining to consider an issue discussed in Bankruptcy Court opinion but not briefed on appeal). Here, Appellant's three arguments identified in its designation are not addressed at all in its cursory brief, and therefore are waived.

Because Appellant has waived all his arguments on appeal, by failing to adequately designate them or failing to address them in his brief, there is not an issue on appeal for this Court to review and the appeal will be dismissed. These rules of bankruptcy and appellate procedure are not just technical provision—they serve a substantive purpose of adequately preparing courts and litigants to resolve appeals. Appellant has shown either an inability to follow these rules, or perhaps worse, a disregard for them. Regardless, the procedural shortfalls of Appellant's entire appeal are sufficient to dismiss the appeal.

The Court notes that notwithstanding the dismissal of this appeal, Appellant's single briefed argument is unpersuasive and not grounds for a reversal for the reasons stated in

Appellee's brief, including the lack of legal and factual citations to support Appellant's argument.  Indeed, Appellant does not make a single citation to the record in the argument portion of his brief.  (Doc. No. 6 at 8–9).  Similarly, the three issues to be presented on appeal listed in the Designation of Record on appeal—but not addressed by Appellant in his brief—are unpersuasive and do not form a basis for this Court to reverse the Bankruptcy Court's decision for the reasons stated in Appellee's brief.

IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. This appeal of the Bankruptcy Judge's Order Dismissing Plaintiff's Complaint is **DISMISSED**.
2. The Clerk of Court is directed to close this matter and advise the Bankruptcy Court in writing of the dismissal of this appeal.

Signed: January 25, 2017

Robert J. Conrad, Jr.
United States District Judge